IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID L. MAY,
    Petitioner,

vs.                                                     Case No.:  5:09cv370/RH/EMT

KENNETH S. TUCKER,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer and relevant portions of the state court record (doc. 18).  Petitioner was provided an opportunity to reply (docs. 20, 23), but he has not done so.

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.     BACKGROUND AND PROCEDURAL HISTORY

      The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 18).[2]  Petitioner was charged in the Circuit Court in and for Bay County,

---

[1] Kenneth S. Tucker succeeded Edwin G. Buss, who succeeded Walter A. McNeil, as Secretary for the Department of Corrections.  Secretary Tucker is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 18).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Florida, Case No. 97-3059, with one count of resisting an officer without violence (Count I), one count of aggravated fleeing and attempting to elude (Count II), one count of leaving the scene of an accident with injury (Count III), one count of resisting an officer with violence (Count IV), and one count of burglary of a dwelling (Count V) (Ex. C). He was charged in Case No. 97-3063 with one count of burglary of a dwelling (Ex. F). Following a jury trial on July 24, 1998, he was found guilty of all five counts as charged in Case No. 97-3059 (Exs. D, E). On September 15, 1998, Petitioner entered a no contest plea to the burglary charge in Case No. 97-3063, with the parties agreeing that he would be sentenced at the court's discretion (Exs. G, H). The same day, a hearing was held on the issue of whether Petitioner qualified as a habitual felony offender ("HFO") and violent career criminal ("VCC") (Ex. H). The court determined Petitioner qualified as an HFO and VCC in both cases (Exs. I, J). Petitioner was adjudicated guilty and sentenced in Case No. 97-3059 as follows: Count V, forty (40) years of imprisonment as an HFO with a thirty-year mandatory minimum as a VCC, with jail credit of 266 days; Count IV, fifteen (15) years of imprisonment as an HFO with a ten-year mandatory minimum as a VCC, to run consecutively to the sentence on Count V, with jail credit of 266 days; Count III, ten (10) years of imprisonment as an HFO, to run concurrently with the sentence on Count IV, with jail credit of 266 days; Count II, ten (10) years of imprisonment as an HFO, to run concurrently with the sentence on Count IV, with jail credit of 266 days; and Count I, time served (Ex. K). He was adjudicated guilty and sentenced in Case No. 97-3063 to (40) years of imprisonment as an HFO with a thirty-year mandatory minimum as a VCC, with jail credit of 266 days, to run concurrently with the sentence on Count V in Case No. 97-3059 (*id.*). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 98-3899 (Exs. L, M). The First DCA affirmed the judgment per curiam without written opinion on September 27, 1999, with the mandate issuing October 13, 1999 (Ex. P). May v. State, 743 So. 2d 513 (Fla. 1st DCA 1999) (Table).

    On May 2, 2001, Petitioner filed, through counsel, a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in Case No. 97-3059 (Exs. A, Q). Following an evidentiary hearing (Ex. R), the state circuit court denied the motion (Ex. T). Petitioner appealed the decision to the First DCA, Case No. 1D02-3182 (Ex. U). The First DCA dismissed the appeal on June 5, 2003, for Petitioner's failure to file an initial brief (*id.*).

On February 5, 2004, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure in Case Nos. 97-3059 and 97-3063 (Ex. V). The state circuit court summarily denied the motion (Ex. Y). Petitioner appealed the decision to the First DCA, Case No. 1D04-4472 (Ex. Z, AA). The First DCA affirmed per curiam, with the mandate issuing April 6, 2005 (Ex. EE). May v. State, 895 So. 2d 1273 (Fla. 1st DCA 2005).

On January 23, 2006, Petitioner filed another Rule 3.800(a) motion in Case Nos. 97-3059 and 97-3063 (Ex. FF). The state circuit court granted the motion in part and scheduled a resentencing hearing (Ex. JJ, LL). Petitioner was present and represented by counsel at the hearing (Ex. NN). The court resentenced Petitioner in Case No. 97-3059 as follows: Count V, forty (40) years of imprisonment as a VCC, with jail credit of 266 days and credit for prison time served prior to resentencing; Count IV, fifteen (15) years of imprisonment as a VCC, to run consecutively to the sentence on Count V and concurrently with the sentence on Count II, with jail of 266 days and credit for prison time; Count III, ten (10) years of imprisonment as an HFO, to run consecutively to the sentence on Count V and concurrently with the sentence on Count II, with jail credit of 266 days and credit for prison time; Count II, ten (10) years of imprisonment as an HFO, to run consecutively to the sentence on Count V, with jail credit of 266 days and credit for prison time (Exs. MM, NN). The court resentenced Petitioner in Case No. 97-3063 to (40) years of imprisonment as a VCC, with jail credit of 266 days, to run concurrently with the sentence on Count V in Case No. 97-3059 (*id.*). Petitioner appealed the decision to the First DCA, Case No. 1D06-5126 (Exs. OO, QQ). The First DCA affirmed per curiam without written opinion on October 23, 2007, with the mandate issuing November 8, 2007 (Ex. TT). May v. State, 967 So. 2d 203 (Fla. 1st DCA 2007) (Table).

On November 6, 2006, Petitioner filed a pro se Rule 3.800(b) motion in Case Nos. 97-3059 and 97-3063 (Ex. PP at 733–44). The state circuit court dismissed the motion as unauthorized on November 13, 2006 (*id.* at 747).

On May 27, 2008, Petitioner filed a Rule 3.850 motion in Case Nos. 97-3059 and 97-3063 (Ex. UU). The state circuit court summarily denied the motion (Ex. WW). Petitioner appealed the decision to the First DCA, Case No. 1D08-5935 (Ex. YY, ZZ). The First DCA affirmed per curiam without written opinion, with the mandate issuing September 30, 2009 (Ex. DDD). May v. State, 16 So. 3d 822 (Fla. 1st DCA 2009) (Table).

Petitioner filed the instant federal habeas action on November 13, 2009 (doc. 1). Respondent concedes the habeas petition is timely (doc. 18 at 11).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218–19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established

---

[3] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of a legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "In determining whether a state court's decision represents an unreasonable application of clearly established federal law, a federal court conducting habeas review 'may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011) (quoting Williams, 529 U.S. at 411) (citing Harrington v. Richter, — U.S. —, 131 S. Ct. 770, 786–87, 178 L. Ed. 2d 624 (2011)). The AEDPA's "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See* Gill, *supra* at 1291 (citing Harrington, 131 S. Ct. at 786). Under § 2254(d), a habeas court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 131 S. Ct. at 786; *see also* Gill, *supra,* at 1292 (the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's

rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.,* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact."). The "unreasonable determination of the facts" standard is only implicated to the extent that the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill, 633 F.3d at 1292. A petitioner is not entitled to relief unless he demonstrates by clear and convincing evidence that the record reflects an insufficient factual basis for affirming the state court's decision. *Id.*

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, 531 U.S. 930, 953, 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows

that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Within this framework, the court will review Petitioner's claim.

III.   PETITIONER'S CLAIM

<u>Ground One</u>: "Deprivation of rights as secured by the Sixth and Fourteenth Amendments to the United States Constitution through ineffective assistance of counsel."

Petitioner contends his counsel at resentencing performed ineffectively by failing to preserve for appeal the following alleged errors of the resentencing court: (1) the court violated double jeopardy principles by imposing VCC enhancements on Counts IV and V in Case No. 97-3059 and Count I in Case No. 97-3063; (2) the court erred by relying on predicate convictions which were not sequential and did not qualify him for VCC designation; and (3) the court erred by imposing consecutive VCC sentences for offenses committed during a single criminal episode (doc. 1 at 6–20).[4] Petitioner contends if counsel had preserved the alleged errors, there is a reasonable probability the sentence would have been vacated on appeal and a lesser sentence imposed (*id.* at 12, 18, 20). Petitioner asserts he raised this claim in his Rule 3.850 motion (*id.* at 4).

Respondent contends Petitioner's claim is not exhausted and procedurally barred (doc. 18 at 14–22). Respondent additionally contends notwithstanding the procedural bar, Petitioner's claim fails on the merits (*id.* at 22–42).

The state court record demonstrates that Petitioner raised the same ineffective assistance of counsel claim as Ground One in his Rule 3.850 motion following resentencing (Ex. UU at 3–14). The state court determined the claim was procedurally barred, because Petitioner was merely attempting to "repackage" the underlying sentencing claims in the language of ineffective assistance of counsel, which was precluded by the Florida Supreme Court (Ex. WW at 144). The procedural rule upon which the state court relied was announced in <u>Cherry v. State</u>, 659 So. 2d 1069, 1072 (Fla. 1995). In <u>Cherry</u>, the Florida Supreme Court reiterated the well established and consistently applied doctrine under Florida law that claims that could have been raised on direct appeal but were not, are procedurally barred from collateral review, and couching such claims in terms of ineffective

---

[4] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

assistance of counsel for failure to preserve or raise them cannot be used to circumvent that rule. Cherry, 659 So. 2d at 1072. However, at least two Florida appellate courts have held that the rule stated in Cherry does not apply to certain ineffective assistance claims. *See* Smith v. Crosby, 159 Fed. Appx. 76, 79 (11th Cir. 2005) (recognizing limitation of holding in Cherry) (unpublished). In Knight v. State, 710 So. 2d 648 (Fla. 2d DCA 1998), the Second DCA explained:

> [The] principles [of Cherry] do not apply to a claim where a specific accusation is aimed at trial counsel—be it the failure to move to suppress evidence, the failure to object to the admission of evidence, or, as here, silence in the face of an objectionable comment by the prosecutor—which has not, and could not have, been raised on plenary appeal. There is a critical distinction between an attack on counsel for failing to object to, and thus preserve review of, a prosecutor's remark and the reviewability by an appellate court of the comment itself to determine whether reversal is warranted. *See, e.g.*, Wells v. State, 598 So. 2d 259 (Fla. 1st DCA 1992) (condemning a trial court order denying a postconviction claim on the basis that the sentence should have been challenged on direct appeal while overlooking that the claim was based upon trial counsel's failure to object to the sentencing procedure, thus barring direct review).
>
> We observe a troubling tendency by trial courts in this district, principally in the two most populous counties, to deny procedurally legitimate attacks on trial counsel by relying on the prisoner's failure to raise the underlying, substantive issue on direct appeal when the prisoner has claimed he was prohibited from doing so only because of the very deficiency of counsel in failing to pose the appropriate legal objection.

*Id.* at 649. Additionally, the Florida Supreme Court held that the rule in Cherry does not apply where the underlying claims were raised and rejected on direct appeal because they had not been preserved for review. *See* Pietri v. State, 885 So. 2d 245, 256 (Fla. 2004).

In the instant case, even if the state court's application of the Cherry rule may have been incorrect, Petitioner's § 2254 petition should be denied on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State".)

      1.     Clearly Established Federal Law

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). To obtain relief under Strickland, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's

deficient performance, the result of the proceeding would have been different. *Id.* at 687–88. If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697.

"The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). The focus of inquiry under the performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688–89. "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. If the record is not complete regarding counsel's actions, "then the courts should presume 'that what the particular defense lawyer did at trial—for example, what witnesses he presented or did not present—were acts that some lawyer might do." Jones, 436 F.3d at 1293 (citing Chandler, 218 F.3d at 1314–15 n.15). Furthermore, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). Counsel's performance is deficient only if it is "outside the wide range of professional competence." Jones, 436 F.3d at 1293 (citing Strickland, 466 U.S. at 690); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). "[T]here are no 'absolute rules' dictating what reasonable performance is . . . ." Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir. 2005) (quoting Chandler, 218 F.3d at 1317). Indeed, "'[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions.'" *Id.* (quoting Putman v. Head, 268 F.3d 1223, 1244 (11th Cir. 2001)).

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. *See* Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Id.* (quoting Strickland, 466 U.S. at 693).

However, the Court has also clarified that a petitioner need not demonstrate it "more likely than not, or prove by a preponderance of evidence," that counsel's errors affected the outcome. Strickland, 466 U.S. at 693–94. Instead,

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694. Indeed, it would be "contrary to" the law clearly established in Strickland for a state court to reject an ineffectiveness claim for failing to prove prejudice by a preponderance of the evidence. Williams v. Taylor, 529 U.S. at 405–06.

The prejudice assessment does "not depend on the idiosyncracies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. Strickland, 466 U.S. at 694–95. When the claimed error of counsel occurred at the guilt stage of trial (instead of on appeal), Strickland prejudice is gauged against the outcome of the trial, not on appeal. *See* Purvis v. Crosby, 451 F.3d 734, 739 (11th Cir. 2006) (citing Strickland, 466 U.S. at 694–95).

In the instant case, the sole prejudice asserted by Petitioner is that counsel's alleged error affected the outcome of the appeal of the resentencing judgment. Under Purvis, this allegation of prejudice is insufficient to establish prejudice under Strickland. Furthermore, as discussed *infra*, Petitioner has failed to demonstrate a reasonable probability that the outcome of his resentencing would have been different if counsel had raised the three alleged sentencing errors.

    A.    <u>Counsel's failure to object to resentencing court's imposing VCC enhancements on Counts IV and V in Case No. 97-3059 and Count I in Case No. 97-3063</u>

Petitioner contends counsel should have objected to imposition of the VCC enhancements on the ground that doing so violated double jeopardy principles (doc. 1 at 9–12). Petitioner asserts the State initially suggested in its response to his Rule 3.800 motion that the resentencing court should remove the VCC enhancements and maintain the HFO enhancements (*id.* at 6–7). Thereafter, the Rule 3.800 court rendered an order, on May 9, 2006, directing the clerk of court to issue an amended judgment and sentence to remove the VCC designations in Counts IV and V of Case No. 97-3059 and Count I of Case No. 97-3063 (*id.* at 7). Petitioner asserts he filed a motion

for rehearing of the May 9 order, arguing that the sentences on those counts exceeded the statutory maximums (*id.* at 8). He asserts the Rule 3.800 court granted the motion for rehearing on that issue and set a resentencing hearing to address the issue (*id.*). At the resentencing hearing on September 27, 2006, the Rule 3.800 court imposed the VCC enhancements on Counts IV and V of Case No. 97-3059 and Count I of Case No. 97-3063 (*id.* at 8–9). Petitioner argues jeopardy attached when the court rendered the "final" order on May 9, 2006, directing the clerk to enter an amended judgment (*id.* at 9). He contends defense counsel should have objected to the court's reimposing the VCC enhancements at the resentencing hearing, on the ground that doing so constituted a double jeopardy violation (*id.* at 9–12).

Petitioner's characterization of the May 9, 2006 order as "final" is incorrect. Rule 3.800 authorizes the filing of a motion for rehearing of any order entered under Rule 3.800(a) or (b). *See* Fla. R. Crim. P. 3.800(b)(1)(B). Petitioner availed himself of this provision and filed a motion for rehearing of the May 9, 2006, which the court granted. The court's granting of Petitioner's motion for rehearing tolled the finality of the May 9, 2006 order; therefore, there was no double jeopardy violation in the court's reimposing the VCC enhancements at the resentencing hearing. *See* <u>Lormeus v. State</u>, 10 So. 3d 190, 192 (Fla. 4th DCA 2009). Petitioner failed to demonstrate a meritorious basis for counsel's raising a double jeopardy argument at the resentencing hearing. Additionally, he failed to establish reasonable probability that a double jeopardy objection by defense counsel would have been sustained. Accordingly, he failed to show a constitutional violation under <u>Strickland</u>.

> B.   <u>Counsel's failure to object to resentencing court's finding predicate convictions which were not sequential and thus did not qualify him for VCC designation</u>

Petitioner next contends defense counsel should have objected to the VCC designations on the ground that he did not have the requisite qualifying convictions (doc. 1 at 18–20). He asserts his prior convictions in Hamilton County, Tennessee, identified by the State as qualifying him for VCC, were not sequential, as required by Florida Statutes section 775.084(5) (*id.*). He additionally asserts the State failed to submit certified copies of the alleged convictions (*id.* at 19). Petitioner also contends the State failed to show that the offenses underlying the prior convictions had similar

elements to crimes in Florida (*id.*). Petitioner contends defense counsel should have raised these arguments at resentencing (*id.* at 20).

Section 775.084 in effect at the time of Petitioner's offenses provided:

(1) As used in this act:
. . . .
(c) "Violent career criminal" means a defendant for whom the court must impose imprisonment pursuant to paragraph (4)(c), if it finds that:

1. The defendant has previously been convicted as an adult three or more times for an offense in this state or other qualified offense that is:

a. Any forcible felony, as described in s. 776.08;
. . . .
2. The defendant has been incarcerated in a state prison or a federal prison.

3. The primary felony offense for which the defendant is to be sentenced is a felony enumerated in subparagraph 1. and was committed on or after October 1, 1995, and:
. . . .
b. Within 5 years after the conviction of the last prior enumerated felony, or within 5 years after the defendant's release from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later.

4. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this paragraph.

5. A conviction of a felony or other qualified offense necessary to the operation of this paragraph has not been set aside in any postconviction proceeding.

(d) "Qualified offense" means any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or any possession or territory thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
. . . .
(3) (c) In a separate proceeding, the court shall determine whether the defendant is a violent career criminal with respect to a primary offense committed on or after October 1, 1995. The procedure shall be as follows:

> 1. Written notice shall be served on the defendant and the defendant's attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence in order to allow the preparation of a submission on behalf of the defendant.
>
> 2. All evidence presented shall be presented in open court with full rights of confrontation, cross-examination, and representation by counsel.
>
> 3. Each of the findings required as the basis for such sentence shall be found to exist by a preponderance of the evidence and shall be appealable only as provided in paragraph (d).
>
> 4. For the purpose of identification, the court shall fingerprint the defendant pursuant to s. 921.241.
>
> 5. For an offense committed on or after October 1, 1995, if the state attorney pursues a violent career criminal sanction against the defendant and the court, in a separate proceeding pursuant to this paragraph, determines that the defendant meets the criteria under subsection (1) for imposing such sanction, the court must sentence the defendant as a violent career criminal, subject to imprisonment pursuant to this section unless the court finds that such sentence is not necessary for the protection of the public.

Fla. Stat. § 775.084 (1997).

A "forcible felony" for purposes of section 775.084(1)(c)1. is defined as "treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual." Fla. Stat. § 776.08 (1997).

The state court record demonstrates that at Petitioner's original sentencing hearing, the State submitted State's Exhibit 1, which was a "certified package" from the Tennessee Department of Corrections, which included Petitioner's photograph and fingerprint and "certified copies of all of the prior charges that Mr. May has received a committed sentence on" in the Tennessee Department of Corrections (Ex. H at 189–90). The State also submitted State's Exhibit 2, which was a "packet of certified convictions" for Petitioner from the Clerk of Court in Hamilton County, Tennessee (*id.*). Defense counsel objected to admission of the records on hearsay grounds (*id.* at 190). The

sentencing court determined the State's certified copies were sufficient evidence of his prior convictions and overruled the objection (*id.*).  Defense counsel also argued Petitioner's prior convictions were not "qualified offenses" under the VCC statutes and did not have substantially similar elements to Florida felony offenses (*id.* at 201, 204–05).  The sentencing court found as fact: (1) on November 11, 1989, Petitioner was convicted and sentenced on two counts of burglary of a dwelling; (2) on November 21, 1989, he was convicted and sentenced on three counts of burglary of a dwelling; (3) on May 14, 1992, he was convicted and sentenced on five counts of aggravated assault and one count of burglary of a dwelling; (4) on September 9, 1992, he was convicted and sentenced on two counts of burglary of a dwelling, and (5) on May 30, 1997, he was convicted and sentenced on one burglary count (Ex. H at 202–03; Exs. I, J).  The sentencing court also found as fact that Petitioner had served prison time on the May 1992 convictions and was released in 1993 (January 1, 1993 at the earliest), which was within five years of the date of the offenses for which he was being sentenced as a VCC (December 22–24, 1997) (Exs. C, F; Ex. H at 203–04).  The sentencing court determined that Petitioner's prior convictions were qualifying offenses within the meaning of the VCC statute (Ex. H at 201–05).  The court determined that the State satisfied the statutory VCC requirements by a preponderance of the evidence (Ex. H at 201–05; Exs. I, J).

In light of the findings and rulings of the original sentencing court, Petitioner failed to demonstrate a reasonable probability of a different outcome at his resentencing hearing if defense counsel had objected to the VCC designation on the grounds that the State failed to submit certified copies of the prior convictions, the prior convictions were not sequential, or the prior convictions did not have substantially similar elements to Florida felonies.[5]  Therefore, Petitioner failed to demonstrate <u>Strickland</u> prejudice as to this claim.

  C. <u>Counsel's failure to object to resentencing court's imposition of consecutive VCC sentences for offenses committed during a single criminal episode</u>

Petitioner contends defense counsel should have objected to his sentences on Counts II, III, and IV in Case No. 97-3059 on the ground that the court's ordering them to run consecutively to his sentence on Count V was illegal under Florida law, because the crimes occurred during a single

---

[5] The same judge presided at Petitioner's original sentencing and his resentencing (*see* Exs. H, NN).

criminal episode (doc. 1 at 13–18) (citing Hale v. State, 630 So. 2d 521 (Fla. 1994), Lipford v. State, 736 So. 2d 62 (Fla. 1st DCA 1999), and Spivey v. State, 789 So. 2d 1087 (Fla. 2d DCA 2001)).

Petitioner again failed to show prejudice resulting from defense counsel's alleged error. At Petitioner's original sentencing, defense counsel made the argument that Florida law, specifically, Hale v. State, prohibited the imposition of consecutive enhanced sentences in Case No. 97-3059, because the crimes occurred during a single criminal episode (Ex. H at 228–30). The state court rejected the argument on the ground that the offenses did not occur in a single criminal episode but separate episodes (*id.* at 229–30). In light of the original sentencing court's rejection of the argument that the offenses occurred during a single criminal episode, Petitioner failed to establish a reasonable probability that the court would have sustained the same objection on resentencing. Therefore, he failed to satisfy the Strickland standard as to this claim.

IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Kenneth S. Tucker is substituted for Walter A. McNeil as Respondent.

And it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of January 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**